WRIGHT v. CHARLESTON AND WESTERN CAROLINA RY.

NEW TRIAL—DISCRETION.—It is not an abuse of discretion for a Cir-
    cuit Judge to refuse to set aside a verdict when he does not take
    the same view of the testimony as the jury did.

Before GAGE, J., Barnwell, March, 1900.    Affirmed.

Action for personal damages by Charles Wright, by his
guardian *ad litem,* against Charleston and Western Carolina
Railway Co.    From order refusing new trial, the defendant
appeals.

*Messrs. Izlar Bros.,* for appellants, cite: 19 S. C., 582; 11
S. C., 591; Gen. Stat., 213; 1 Bail., 479.

*Mr. R. A. Ellis,* contra, cites: 36 S. C., 585; 11 S. C., 222,
590; 20 S. C., 150; 24 S. C., 593; 1 S. C., 114; 3 S. C., 254;
8 S. C., 173; 57 S. C., 288; 19 S. C., 580.

February 20, 1901    The opinion of the Court was de-
livered by

MR. JUSTICE POPE.    This is an action by the plaintiff, a
minor, aged about seventeen years, who sues by his guar-
dian *ad litem,* against the defendant for personal injuries,
which are alleged to have been inflicted upon the minor by
the defendant, by reason of the latter causing him to be
thrown from its passenger train while it was running at a
speed of twenty-five miles an hour.    The injuries com-
plained of were a broken leg, and bodily sufferings which are
of a permanent character.    The jury, after hearing the
cause, gave the plaintiff a verdict for $1,000.    A motion was
made by the defendant upon the minutes of the Court for a
new trial.    While the motion was being discussed, the
counsel for the defendant, amongst other things, character-
ized the verdict as "a perversion of justice; a triumph of
prejudice over law and evidence; a monstrous iniquity, and

a shock to the moral sensibilities. of an intelligent public, etc." The Circuit Judge then said: "Maj. Izlar" (who was attorney for the defendant), "I concur in much of what you have said; but I can't grant the motion. I have the power to set aside the verdict; but to do so, would be to abuse my discretion. There were two chief witnesses to the transaction, one on one side and one on the other; and the jury are the judges of the credibility of the witnesses, and they have elected to believe the plaintiff as against the conductor. I should not have found the verdict; but I must refuse to set it aside."

From this refusal of the motion for a new trial, the defendant has appealed upon the following grounds:

"1st. That if his Honor concurred in any portion of the remarks of the counsel for the defense, when he characterized the verdict as appears in the case, then he should have granted the motion for a new trial, and refusing to do so was error of law.

"2d. That if his Honor concurred with counsel for the defendant in any portion of his remarks, when he characterized the verdict as a 'monstrous iniquity, and a shock to the moral sensibilities of an intelligent public,' then he should have granted the motion for a new trial, and refusing to do so was error of law.

"3d. That his Honor erred in law when he refused the motion for a new trial, saying: 'I have the power to set aside the verdict; but to do so would be to abuse my discretion. I should not have found the verdict, but must refuse the motion to set it aside.'

"4th. That his Honor erred when he said, 'there were two chief witnesses to the transaction, one on one side and one on the other;' as it appears from the case settled by his Honor, that there were three eyewitnesses to the transaction, i. e., the plaintiff for himself, and Borum and Colcock, porter and conductor, for the defendant; and if his Honor thought the evidence greatly preponderated for the defendant, as he evidently did when he says, 'I should not have

found the verdict,' then it was error of law to refuse to set aside the verdict.

"5th. That his Honor erred in law, under the circumstances as they appear in the case, in refusing to set aside the verdict because he thought it would be an abuse of his discretion."

· The first ground of appeal cannot be sustained, for the "Case" discloses that all that counsel uttered in urging his motion for a new trial is not before the Court, else the "Case" is not correct; for the *quotation* made from counsel's bitter arraignment of the jury for its alleged disregard of duty shows that *other things* were uttered by said counsel which are not reproduced in the "Case." Therefore, this Court cannot tell in what matters the Circuit Judge concurred with counsel. But, besides all this, the Circuit Judge admits that he took a different view of the testimony from that taken by the jury. If the jury had taken the view of the testimony which was taken by the Judge and still found a verdict for the plaintiff, the jury should have been criticized. The full text of the Circuit Judge's remarks in overruling the motion for a new trial, shows that he regarded the jury as having adopted the plaintiff's testimony rather than that of the conductor and his porter. These views dispose also of the second ground of appeal.

As to the third ground of appeal, it may be remarked that it is no longer a question in the Courts of this State, that if a Circuit Judge refuses a new trial simply because he conceives the law invests him with no such power even in a · proper case, it is reversible error. Here the Circuit Judge leaves no such question open, for he distinctly says : "I have the power to set aside the verdict." There is no uncertain sound about these words of Judge Gage. The balance of the quotation from the words of the Circuit Judge shows that he understood thoroughly the decisions of *Webber* v. *Ahrens,* 36 S. C., 585, and *McGhee* v. *Wells,* 57 S. C., at page 289. In the latter case, Mr. Justice Jones, as the organ of the Court, declares : "It is not error for the Circuit Judge

to refuse a motion for a new trial, even though the Court, if trying the facts, would have reached a different conclusion on the evidence from the jury. It is no abuse of discretion for a Circuit Judge to decline to substitute his judgment on the facts for that of the jury; for if it were a rule of law that new trials *must* be granted whenever the Court does not coincide with the jury on the facts, then the granting of new trials for errors of fact would not rest, as it does, in the sound discretion of the trial Court."

The fourth and fifth exceptions have no merit. No doubt, the Circuit Judge referred to the fact that the plaintiff resisted being thrown, and the conductor actually threw the plaintiff from the train, when he used the words quoted in the first part of the fourth exception.

As to the fifth exception, we have already virtually passed upon it.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.