19398

Henry Earl MOSES, Jr., Respondent, v. The SOUTH CAROLINA HIGHWAY DEPARTMENT, Appellant

(187 S. E. (2d) 888)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joel E. Gottlieb, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

234

*E. Lee Morgan, Esq.,* of *Hyman, Morgan, Brown &
Blalock,* Florence, *for Respondent,* 

April 4, 1972.

Moss, Chief Justice:

Henry, Earl Moses, Jr., the respondent herein, was arrested on January 29, 1971, by a South Carolina highway patrolman and charged with the operation of a motor vehicle while under the influence of intoxicating liquor, in violation of Section 46-343 of the Code. After being arrested, the respondent was offered an opportunity to submit to a breathalyzer test in accordance with Section 46-344 of the Code, as amended, being advised at the time, that he did not have to submit to such test, but if he refused his license to operate a motor vehicle would be suspended for a period of 90 days. The respondent refused to submit to such test. Thereafter, on March 5, 1971, the State Highway Department, the appellant herein, having received a report of the refusal of the respondent to submit to the aforesaid test, suspended his license to drive a motor vehicle. The respondent, on March 16, 1971, pursuant to Section 46-344 of the Code, requested a hearing to review the action of the Highway Department in suspending his license. Thereupon, the respondent's license was reinstated pending such hearing. The requested hearing was held on April 19, 1971, before an officer of the appellant, and on May 27, 1971, the appellant re-issued its order of suspension pur-

suant to the findings of the hearing officer, who found that the respondent had been properly arrested and advised of the consequences of his refusal to take the breathalyzer test and that he did, in fact, refuse to submit to such test.

The respondent instituted this action in "The Civil Court of Florence County" alleging, *inter alia*, that error had been committed by the appellant during the administrative hearing concerning his failure to submit to a breathalyzer test. The trial judge treated the action as one for a writ of *certiorari*. An oral return was made to the writ by the appellant. The trial judge, by his order of August 4, 1971, enjoined and restrained the appellant from suspending the driver's license of the respondent as a result of the aforesaid administrative hearing. This appeal followed.

It is the position of the appellant that the Civil Court of Florence County had no appellate jurisdiction to review its administrative decision to suspend the driver's license of the respondent. The proceeding in the Civil Court of Florence County was in the nature of an appeal from a decision of the hearing officer of the appellant. *Certiorari* is appellate in nature when used for the purpose of re-examining the action of an inferior tribunal. *City of Columbia v. S. C. Public Service Commission,* 242 S. C. 528, 131 S. E. (2d) 705.

The only appellate jurisdiction of the Civil Court of Florence County is set forth in Section 15-1610 of the Code, which gives to the Court only jurisdiction to hear and determine appeals from all magistrates' courts within the territorial limits of Florence County. The present appeal is not one from a magistrate's court.

We conclude that the Civil Court of Florence County had no jurisdiction of the attempted appeal in this case. This being true, it follows that the order of such court was erroneous and must be vacated.

The order of the lower court is,

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.