0887

Mark A. THERENS, Appellant v. John L. FAIRCLOTH, and Howard Tallent and Dale Tallent, individually and d/b/a Cycle Salvage, Defendants, of whom John L. Faircloth is Respondent.

(354 S. E. (2d) 54)

Court of Appeals

*Bruce A. Berlinsky*, Charleston, *David A. Novoselsky, Richard S. Fleisher*, Chicago, Ill., *for appellant.*

*Joseph H. McGee*, Charleston, *for respondent.*

Heard Jan. 28, 1987.

Decided March 2, 1987.

*Per Curiam:*

This is an appeal from an order of the Circuit Court dismissing the action of appellant Mark A. Therens against respondent John L. Faircloth on the ground Mr. Therens had not complied with a previous order of the United States District Court requiring the payment of certain fees and expenses as a condition of maintaining the action. We affirm.

Mr. Therens brought suit to recover for personal injuries arising out of a collision between a motorcycle on which he was riding as a passenger and an automobile being driven by Mr. Faircloth.

A similar suit was previously brought against Mr. Faircloth in the United States District Court. During the discovery phase of the previous suit, Joseph H. McGee, attorney for Mr. Faircloth, went to Chicago for the purpose of taking the deposition of Mr. Therens, but Mr. Therens failed to appear as previously agreed.

The United States District Court issued its order dismissing the suit of Mr. Therens without prejudice but providing, "... if the Plaintiff Mark A. Therens commences an action based upon or including the same claim alleged in the complaint herein, ... the Plaintiff must within ten days of the filing of such action, pay to Joseph H. McGee of Charleston, South Carolina, the sum of One Thousand Two Hundred Eighty-Eight and 20/100 ($1,288.20) dollars, failing which such action shall be forthwith dismissed with prejudice as to all Defendants. ..."

The sum of $1,288.20 represented the fees and expenses incurred by Mr. Faircloth in connection with the aborted deposition.

The present suit was thereafter filed in the Circuit Court. Mr. Therens did not make the payment required by the order of the United States District Court, and the Circuit Court granted the motion of Mr. Faircloth for an order of dismissal.

It is clear that the United States District Court had the authority to dismiss the first suit of Mr. Therens upon the condition imposed. *See* Fed.R.Civ.P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").

It is equally clear that the Circuit Court had the authority to dismiss the second suit of Mr. Therens for his failure to comply with the order of the United States District Court. *See* S.C.R.Civ.P. 41(b) (a defendant may move for dismissal of an action based upon the failure of the plaintiff to comply with any order of court).

The decision of the Circuit Court on a motion to dismiss for the failure to comply with a court order can be overturned on appeal only by a showing of an abuse of discretion. 5 J. MOORE, J. LUCAS, AND J. WICKER, MOORE'S FEDERAL PRACTICE § 41.12 at 41-157 (3d. ed. 1986) (discussing federal rule identical to S.C.R.Civ.P. 41(b)).

Mr. Therens argues that the Circuit Court erred in failing to consider the equities in enforcing the order of the United States District Court. We reject this argument. It is apparent to us from the order of the Circuit Court that the Court did consider the equities as to both parties, and we find no abuse of discretion under the circumstances.

Mr. Therens further aruges that Rule 41(d) required the Circuit Court to stay his second suit rather than dismiss it. We also reject this argument.

Rule 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

By its terms, this rule applies to orders rendered in the subsequent suit requiring the payment of costs. Here, the order requiring the payment of costs was the order rendered in the first suit, not the subsequent suit. In any event, it is clear that the rule merely allows the stay of a suit and does not require a stay or prohibit a dismissal.

For these reasons, the order of the Circuit Court is

Affirmed.