22699

William A. FONTAINE, Appellant v. H. Quinn PEITZ, Jr., Zoning Administrator, City of Charleston Board of Adjustment, Leonard Krawcheck, Henry B. Fishburne, Jr., F. Daniel Batten, III, James J. Bailey, Sandra Campbell, Yvonne Evans, in their official capacity as Members of the Board of Adjustment and the City of Charleston, South Carolina, Respondents.

(354 S. E. (2d) 565)

Supreme Court

*Nancy D. Hawk*, Charleston, *for appellant.*

*Robert G. Clawson, Jr.* of *Clawson and Staubes*, Charleston, *for respondents.*

Heard Jan. 21, 1987.

Decided April 6, 1987.

Ness, Chief Justice:

This is an appeal from an order which upheld the Charleston Board of Adjustment's denial of a zoning variance requested by appellant Fontaine. We remand for further proceedings.

Fontaine bought a home at 37 State Street in Charleston in 1958. Through the years, Fontaine occasionally rented rooms to visitors on a "bed and breakfast" arrangement. In 1984, the City of Charleston adopted a zoning ordinance which required a business license for the operation of bed and breakfast establishments.

Fontaine applied for a business license, asserting he qualified under the provisions of the ordinance permitting a bed and breakfast operation in a structure used by the owner as his primary residence. In the alternative, he sought a variance from the ordinance based on his prior

nonconforming use of the property.

After a hearing, the Board of Adjustment denied Fontaine's applications, finding 37 State Street was not Fontaine's primary residence, and any prior nonconforming use had been interrupted. Based on the record before him, the trial judge affirmed the decision of the board.

Fontaine asserts the trial judge erred in failing to consider his request to offer additional testimony.

A review of the decision of a zoning board is by writ of certiorari to the circuit court. S. C. Code Ann. Section 5-23-150 (1976). A writ of certiorari is appellate in nature when used for purposes of reexamining the action of an inferior tribunal. *Moses v. South Carolina Highway Department*, 258 S. C. 233, 187 S. E. (2d) 888 (1972).

However, upon review of a decision of the Board of Adjustment, the court may take testimony *if* it appears necessary. S. C. Code Ann. Section 5-23-160 (1976). The statute does not authorize a trial de novo; rather, it gives the reviewing court the authority to supplement the record to make an intelligent review of the actions of the board. *Niggel v. City of Columbia*, 254 S. C. 19, 173 S. E. (2d) 136 (1970). The circuit court should not disturb the findings of the board unless the board has acted arbitrarily or in an obvious abuse of discretion, or unless the board has acted illegally or in excess of its lawfully delegated authority. *Hartman v. City of Columbia*, 268 S. C. 44, 232 S. E. (2d) 15 (1977); *Talbot v. Myrtle Beach Board of Adjustment*, 222 S. C. 165, 72 S. E. (2d) 66 (1952). The decision whether to take additional testimony is within the sound discretion of the trial judge, whose decision will not be reversed absent an abuse of discretion. *Niggel v. City of Columbia, supra.*

In this case, the trial judge declined to take additional testimony and evidence offered by Fontaine, believing he had no authority to permit the record to be supplemented.

An abuse of discretion occurs when the judge's ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support. *Renney v. Dobbs House, Inc.*, 275 S. C. 562, 274 S. E. (2d) 290 (1981). When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred. *Mark, Inn, Inc. v. Department of Transportation*, 174 Ga. App. 420, 330 S. E. (2d) 134 (1985);

*Calloway v. Ford Motor Co.*, 281 N. C. 496, 189 S. E. (2d) 484 (1972). *See also, Sumner v. Pruitt*, 281 S. C. 63, 314 S. E. (2d) 150 (Ct. App. 1984); *Wright v. Charleston & Western Railway*, 59 S. C. 268, 37 S. E. 832 (1901). Where a court is clothed with discretion, but rules as a matter of law, the appealing party is entitled to have the matter reconsidered and passed on as a discretionary matter. *Capps v. Lynch*, 253 N. C. 18, 116 S. E. (2d) 137 (1960).

The trial judge's belief he could not permit additional testimony was erroneous. We express no opinion on whether or not additional testimony should be taken on remand; rather, we remand and direct the trial judge to exercise the discretion with which he is vested.

Remanded.

GREGORY, FINNEY, JJ., and LAWRENCE E. RICHTER, Jr., Acting J., concur.

CHANDLER, J., not participating.