1563

GEORGANNE APPAREL, INC., Appellant v. George Mack TODD, Shirley Todd, Lake City Manufacturing Company, Inc., Georganne Ltd., Travis Matthews, Dal Felkel and Associates, and Anderson State Bank, Respondents.

(399 S.E. (2d) 16)

Court of Appeals

*J. Edward Bell, III* of *Bell & Bagley,* Sumter, *for appellant.*

*Finley B. Clarke* of *Clarke & Johnson,* Florence, *Susan Taylor Wall* and *Warren Ariail* of *Holmes & Thompson,* Charleston, *Charles E. Godwin,* Lake City and *Duvall W. Spruill,* Columbia, *for respondents.*

Heard Sept. 10, 1990.

Decided Oct. 29, 1990.

*Per Curiam:*

On January 31, 1986 Georganne Apparel, Inc., Plaintiff-Appellant filed its initial complaint against Defendants-Respondents, George Mack Todd, Shirley Todd, Lake City Manufacturing Company, Inc., Georganne Ltd., Travis Matthews, and Dal Felkel and Associates (and others no longer involved in this case) alleging conversion, unfair trade practices, breach of fiduciary duty and professional malpractice. On November 30, 1988 the court, speaking through Judge Carol Connor, acting on defense motions, dismissed all causes of action with prejudice. Plaintiff appeals; we affirm.

A detailed history of the litigation and the delays incident thereto is necessary for an understanding of the court's dismissal.

In September 1986 the trial court, at Plaintiff's request, struck the case from the trial roster pursuant to SCRCP, Rule 40(c)(3). In September 1987 the trial court, at Plaintiff's request, restored the case to the trial roster. On February 22, 1988 Plaintiff along with Matthews and Dal Felkel (referred to as "Accountants") entered into a consent order whereby

Plaintiff agreed to limit its claim against the Accountants to professional negligence only.

On May 16, 1988 the trial court, upon a motion by Accountants, issued an order precluding Plaintiff from calling its designated accounting expert as a witness because Plaintiff had failed to cooperate with Accountants in setting up a deposition of the expert witness.

In an order of May 20, 1988, more than two years after the original complaint, the trial court (Judge Waller) granted Plaintiff's motion to dismiss the case *without prejudice* pursuant to SCRCP Rule 41(a)(2) on the conditions:

(1) That it pay certain costs to each Defendant before refiling this action, and

(2) That it limit the refiled action to *only* those causes of action "as currently set forth in plaintiff's complaint . . . as further limited by the Consent Order dated February 22, 1988. . . ."

On September 15, 1988, Plaintiff filed a new complaint which named Anderson State Bank as a Defendant in addition to the Defendants in the original complaint, and which added causes of action for fraud and unfair trade practices, conversion, breach of fiduciary duty, professional negligence and negligence, thereby violating Judge Waller's order.

The trial court (Judge Connor) on November 30, 1988, dismissed the case with prejudice finding that Plaintiff purposefully added new causes of action and a new defendant to the refiled complaint in blatant violation of the May 20, 1988, order. The court also stated that it was "mindful of the history of abuse this case presents." The court noted Plaintiff represented on May 18, 1988, that it was not prepared for trial because it did not have the documents necessary to enable its expert to render an opinion. The court found that an affidavit before the court contradicted this representation, stating that the expert had reviewed the necessary documents before the May 18 hearing. The court also found that the Defendants were prejudiced by Plaintiff's actions.

Plaintiff argues before us that the trial judge abused her discretion by dismissing the complaint with prejudice. The claimed abuse of discretion rests on contentions: (1) Plaintiff's substantial compliance with the May 20 order, (2) the availability of milder sanctions, (3) the court's reliance on factors

not supported by the record, (4) and the court's reliance on points to which Plaintiff had no chance to respond. As to the Defendant Anderson State Bank, Plaintiff argues the court abused its discretion by dismissing the complaint because Anderson did not join in the other Defendants' motions.

Before addressing these arguments, we set out certain telling excerpts from the orders below. From Judge Waller's May 20, 1988, order:

> During oral argument, plaintiff initially moved for a continuance of the trial of this matter. The defendants strenuously objected to this Motion arguing that plaintiff had had two and one-half years to prepare its case, and that all the defendants were ready for trial and had expended significant sums of money in preparing for the trial of this matter.*
>
> \*     \*     \*     \*     \*     \*
>
> . . . In this regard, the defendants advised the Court of the fact that the plaintiff had commenced this action two and one-half years ago by filing its Complaint on January 31, 1986, and had subsequently had the case struck from the roster pursuant to Rule 40(c)(3) in September of 1986 and thereafter restored to the roster over nine months ago in September of 1987. In addition, counsel for defendant Travis Matthews and Dal Felkel and Associates, once again advised the Court of the fact that defendant Matthews had been without insurance from the commencement of this action and would continue to be without insurance until this matter was resolved. Admittedly, as has already been stated by it in its Order of May 16, 1988, this Court is mindful of plaintiff's dilatory actions in preparing its case. Furthermore, this Court is also aware of the extreme hardship which has been caused to the defendants as a consequence of these actions. Notwithstanding these facts, however, the Court is of the opinion that it should exercise its discretion under Rule 41(a)(2) and (d) to allow plaintiff to dismiss this action without prejudice under [certain] conditions:

---

*In argument counsel for one of the Defendants stated: "Our client has expended some sixty-five thousand dollars, not to this law firm, but to a number of lawyers in defending this matter."

We have alluded above to those conditions and they were known to Judge Connor, who heard the motion now before us. She gave little significance to the fact that the checks for costs were sent late, and we agree. In a well-reasoned order, she stated:

> Despite the Court's [Judge Waller's] clear and express language, the Plaintiff has not limited its causes of action against the Defendants as the Order requires. In particular, Plaintiff has asserted an additional cause of action for fraud against George Mack Todd and Lake City Manufacturing Co., Inc. As to Defendants Georganne Ltd. and Shirley Todd, the Plaintiff has stated additional causes of action not only for fraud but also breach of fiduciary duty, good faith, fair dealing, and conflict of interest. As to Defendants Travis Matthews and Dal Felkel and Associates, the Plaintiff has asserted additional causes of action for fraud and unfair trade practices. Finally, the Plaintiff has added Anderson State Bank as a Defendant in this action and added causes of action against it for negligence and breach of fiduciary duty. Clearly, such numerous violations of Judge Waller's Order cannot be said to be the result of inadvertence or an administrative oversight. Plaintiff attempted in oral arguments to explain away the violations by pointing to its alleged confusion with a styled Amended Complaint in its file. The record, however, reflects that Plaintiff never filed a Motion to Amend its Complaint; that there was never any order of the Court allowing an amendment, and that none of the parties ever answered this alleged Amended Complaint or considered it to have been an amended pleading. Given the history of this case and the clear and unmistakable language of Judge Waller's Order, the contentions of Plaintiff and its attorneys that they did not know which Complaint was involved is simply incredulous. Plaintiff is under an affirmitive duty to know its own case and the pleadings it has filed.

Judge Connor called the action of Plaintiff "willful and blatant violation of the Court's order."

The Order also said:

In sum, Plaintiff's willful and blatant violation of the expressed terms and conditions contained in Judge Waller's Order of May 20, 1988, is the final chapter in the history of Plaintiff's unwillingness to follow the rules and orders of this Court, which activity brings into disrepute our legal system and the rules under which it operates. Accordingly, and mindful of the totality of circumstances, the Court is of the opinion that it should exercise its discretion under Rule 41(a)(2) and (b) to dismiss these actions with prejudice.

We have considered all of the thirty-nine exceptions filed by counsel for the Plaintiff as argued in five questions enumerated in its brief. We find all to be without merit. The trial judge was clearly within her discretionary powers when she granted relief under the terms of SCRCP 41(a)(2) and (b). That Rule permits dismissal with prejudice—"For failure of Plaintiff to prosecute or to comply with these rules or any order of the court, . . ." The relief granted was not too harsh under the totality of the circumstances. Plaintiff has been given abundant opportunity to litigate. There is a limit beyond which the court should allow a litigant to consume the time of the court and to prolong unnecessarily time, effort, and costs to defending parties. The granting of the order was a discretionary matter. *Therens v. Faircloth*, 291 S.C. 451, 354 S.E. (2d) 54 (Ct. App. 1987). We cannot say the trial judge abused her discretion.

Affirmed.