**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Thomas J. and Carolyn Silvester, Respondents,

v.

Spring Valley Country Club, Petitioner.

Appellate Case No. 2015-001140
Lower Court Case No. 1996-CP-40-01230

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Richland County
The Honorable G. Thomas Cooper, Jr., Circuit Court
Judge

---

Memorandum Opinion No. 2015-MO-051
Submitted August 10, 2015 – Filed August 26, 2015

---

**REVERSED**

---

Jessica Ann Waller and John Edward Cuttino, both of Gallivan, White & Boyd, PA, of Columbia, for Petitioner.

Carolyn B. Silvester and Thomas J. Silvester, both of Columbia, *Pro Se*, Respondents.

---

**PER CURIAM:**  Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Silvester v. Spring Valley Country Club*, Op. No. 2015-UP-072 (S.C. Ct. App. filed February 11, 2015).  We grant the petition, dispense with further briefing and reverse the Court of Appeals' decision.

In 1996, Respondents filed a complaint alleging Petitioner's drainage system damaged their property and caused repeated flooding.  In 2001, following Respondents' first appeal, the case was remanded to the trial court.  Subsequent to the remand, the circuit court clerk failed to transfer the case to the jury trial roster. Respondents did not contact the court or take any action regarding the matter for over twelve years.  In April 2013, Petitioner's attorney received a phone call from the circuit court indicating Respondents contacted the court inquiring into the status of their case.  The parties met with a circuit court judge who, in light of the unusual circumstances and the age of the case, gave the parties four months to attempt to reach a resolution.

Unable to come to an agreement, Petitioner filed a motion to dismiss pursuant to Rule 41(b), SCRCP.  At the motion hearing, Respondents attempted to argue the merits of the underlying case and failed to address the delayed prosecution issue. The circuit court granted Petitioner's motion to dismiss.  The Court of Appeals reversed the circuit court, finding "the clerk of court failed to transfer the case to the jury trial roster, and accordingly, the circuit court erred in dismissing the case for failure to prosecute."[1]

The Court of Appeals erred in reversing the trial court's dismissal of the case pursuant to Rule 41(b), SCRCP.  Respondents waited an inexcusable twelve years before inquiring as to the status of their case.  While the Court of Appeals may be correct that the circuit court clerk erred in failing to transfer the case to the jury trial roster following the remand order, such an error did not excuse Respondents'

---

[1] In support, the Court of Appeals cited Rule 40(b), SCRCP ("The clerk initially shall place all cases in which a jury has been requested on the General Docket.  A case may not be called for trial until it has been transferred to the Jury Trial Roster.") and Rule 40(f), SCRCP ("The clerk shall review the General Docket and shall transfer to the Jury Trial Roster all cases which have remained on the General Docket for 12 months and in which the court has not entered a Scheduling Order setting the date when the case is to be transferred to the Jury Trial Roster or in which there is no pending motion for a Scheduling Order in the file.  The clerk shall notify counsel of record of the transfer, but publication of the Jury Trial Roster also shall be deemed notice of the automatic transfer.").

duty to monitor their case, inquire about the scheduling delay, and timely prosecute. *See Goodson v. Am. Bankers Ins. Co. of Florida*, 295 S.C. 400, 368 S.E.2d 687 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case. Lack of familiarity with the legal proceeding is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney."); *see also Georganne Apparel, Inc. v. Todd*, 303 S.C. 87, 399 S.E.2d 16 (Ct. App. 1990) (noting dismissal with prejudice is warranted where the plaintiff "has been given abundant opportunity to litigate" and has exceeded the "limit beyond which the court should allow a litigant to consume the time of the court and to prolong unnecessarily time, effort and cost to defending parties").

Accordingly, the decision of the Court of Appeals is hereby

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**