**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allenwood Owners Association, Inc., Stephen Seefeld, John Kovitch, Yvette Smith, Everett Butler, and Amanda Johansson, Plaintiffs,

Of which Allenwood Owners Association, Inc. is the Appellant,

v.

Mike Prince, Stacy Keller, Jeff Miller, Debra Reed, Fran Stevens, Meredith Florencio, and Jacques Talbot, Respondents.

Appellate Case No. 2016-001194

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-048
Submitted January 1, 2018 – Filed January 31, 2018

———————

**AFFIRMED**

———————

Bonum Sams Wilson, III and Brandon Todd Reeser, both of Wilson & Heyward, LLC, of Charleston; and Harvey W. McCormick, III, of McCormick Law Firm, of Beaufort, for Appellant.

Krista M. McGuire and Alyson Smith Podris, both of
Parker Poe Adams & Bernstein, LLP, of Charleston, for
Respondents Mike Prince, Stacy Keller, Jeff Miller,
Debra Reed, Fran Stevens, and Meredith Florencio.

Krista M. McGuire, of Parker Poe Adams & Bernstein,
LLP, of Charleston, and Kirby Darr Shealy, III, of
Adams and Reese, LLP, of Columbia, for Respondent
Jacques Talbot.

---

**PER CURIAM:**  Allenwood Owners Association, Inc. (Allenwood), appeals the circuit court's order granting a motion by Mike Prince, Stacy Keller, Jeff Miller, Debra Reed, Fran Stevens, Meredith Florencio, and Jacques Talbot (collectively, Respondents) to dismiss, with prejudice, for failure to prosecute.  On appeal, Allenwood argues (1) the circuit court erred in dismissing Allenwood's cause of action based on a ruling not contained in a final order; (2) the circuit court abused its discretion in dismissing Allenwood's cause of action for failure to prosecute by failing to make specific findings of fact and failing to consider alternative sanctions; and (3) the circuit court abused its discretion in dismissing Allenwood's cause of action with prejudice.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues 1 and 2: *Small v. Mungo*, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970) ("The question of whether an action should be dismissed . . . for failure to [prosecute] is left to the discretion of the circuit [court] and [its] decision will not be disturbed except upon a clear showing of an abuse of such discretion."); *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("An abuse of discretion occurs when the [circuit court's] ruling is based upon an error of law or, when based upon factual conclusions, is without evidentiary support."); *McComas v. Ross*, 368 S.C. 59, 62, 626 S.E.2d 902, 904 (Ct. App. 2006) ("The plaintiff has the burden of prosecuting her action, and the [circuit] court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with her cause."); Rule 6(b), SCADR ("All individual parties[,] or an officer, director, or employee having full authority to settle the claim" must "physically attend a mediation settlement conference unless otherwise agreed to by the mediator and all parties."); Rule 37(b)(2)(C), SCRCP ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including "an order . . . dismissing the action or proceeding or any part thereof."); *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538,

543, 489 S.E.2d 679, 682 (Ct. App. 1997) ("Before invoking this severe remedy, the [circuit] court must determine that there is some element of bad faith, willfulness, or gross indifference to the rights of other litigants."); *id.* ("The sanction imposed should be reasonable, and the court should not go beyond the necessities of the situation to foreclose a decision on the merits of a case.").

2.  As to issue 3: *Small*, 254 S.C. at 443-44, 175 S.E.2d at 804 ("Ordinarily, [dismissal for failure to prosecute] does not put an end to the cause of action, but merely terminates the suit itself."); *Georganne Apparel, Inc. v. Todd*, 303 S.C. 87, 92, 399 S.E.2d 16, 19 (Ct. App. 1990) ("There is a limit beyond which the court should allow a litigant to consume time of the court and to prolong unnecessarily time, effort, and costs to defending parties."); *id.* at 90-92, 399 S.E.2d at 17-19 (upholding dismissal with prejudice when plaintiff filed a new complaint naming a new defendant and several new causes of action, violating a court order to refile a limited action against the current defendant).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.