**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The unnamed Joint Venture of Craig B. Stoneburner and Gary McLaurin with Respect to Property Located at 301 South Edisto Avenue, by and through Craig B. Stoneburner, its managing Venturer, Appellant,

v.

George Anthony Moluf, III, James Whittington Clement, and James Venable Revercomb, III, Respondents.

Appellate Case No. 2021-000576

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-186
Submitted March 1, 2023 – Filed May 17, 2023

———————

**AFFIRMED**

———————

Walter B. Todd, Jr., of Walter B. Todd, Jr., PC, of Columbia, for Appellant.

Brian L. Boger, of Columbia, for Respondents.

———————

**PER CURIAM:** Craig B. Stoneburner appeals the Master-In-Equity's (the Master's) grant of George Anthony Moluf, III; James Whittington Clement; and

James Venable Revercomb, III's (collectively, Respondents') motion to dismiss his complaint alleging damages resulting from a breach of a rental agreement. On appeal, Stoneburner argues the Master erred in dismissing the case based on failure to prosecute and the doctrine of laches because (1) he merely considered the age of the case, not other factors that contributed to the delay, and (2) Respondents did not plead the affirmative defense of the doctrine of laches. We affirm.

1. We hold the Master did not abuse his discretion in granting Respondents' motion to dismiss because Stoneburner acted with unreasonable neglect in failing to further the prosecution of the case. *See Small v. Mungo*, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970) ("The question of whether an action should be dismissed . . . for failure to [prosecute] is left to the discretion of the circuit [court] and [its] decision will not be disturbed except upon a clear showing of an abuse of such discretion."); *Hist. Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 41(b), SCRCP ("For failure of the plaintiff to prosecute . . . , a defendant may move for dismissal of an action or of any claim against him."); *McComas v. Ross*, 368 S.C. 59, 63, 626 S.E.2d 902, 904 (Ct. App. 2006) ("The Fourth Circuit has said the trial court must consider four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."); *Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988) ("[A] party has a duty to monitor the progress of his case. Lack of familiarity with the legal proceeding is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney."); *Georganne Apparel, Inc. v. Todd*, 303 S.C. 87, 92, 399 S.E.2d 16, 19 (Ct. App. 1990) (noting dismissal with prejudice was warranted because the plaintiff "[was] given abundant opportunity to litigate" and exceeded the "limit beyond which the court should allow a litigant to consume the time of the court and to prolong unnecessarily time, effort, and costs to defending parties").

2. We decline to address the issue of whether the Master abused his discretion in granting Respondents' motion to dismiss based on laches because our finding as to Stoneburner's failure to prosecute is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate courts need not address remaining issues when disposition of prior issue is dispositive).

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.