**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Fast Formliners Company, Appellant-Respondent,

v.

Construction Resource Group, Inc., Respondent-Appellant.

Appellate Case No. 2023-000572

———————

Appeal From Union County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-122
Heard February 12, 2025 – Filed April 2, 2025

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Thomas H. Coker, Jr. and Christopher B. Major, both of Haynsworth Sinkler Boyd, PA, of Greenville, for Appellant-Respondent.

Matthew Elliot Cox, of Smith, Currie & Handcock LLP, of Charlotte, North Carolina and Stephen Edward Buckingham, of the Law Office of Steven Edward Buckingham, of Greenville, for Respondent-Appellant.

———————

**PER CURIAM:**  Both parties have appealed in this case about allegedly defective constructive materials.  Fast Formliners Company (Formliners) appeals the circuit court's order denying its motion for attorney's fees, costs, and prejudgment interest. Construction Resource Group, Incorporated (Construction Resource) challenges the circuit court's denial of its motion for a new trial and to offset the verdict.  As explained below, we agree with Formliners and disagree with Construction Resource.  Accordingly, we affirm in part, reverse in part, and remand for a proper evaluation of Formliners' motion for attorney's fees, costs, and prejudgment interest.

## STANDARD OF REVIEW

The decision to award or deny attorney's fees, costs, and prejudgment interest will not be disturbed unless the circuit court abused its discretion.  *Maybank v. BB&T Corp.*, 416 S.C. 541, 579–80, 787 S.E.2d 498, 518 (2016); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 435, 673 S.E.2d 448, 457–58 (2009) ("The award of prejudgment interest will not be disturbed on appeal unless the trial court committed an abuse of discretion.").

Similarly, decisions regarding the admissibility of evidence and the denial of a new trial will not be disturbed unless the circuit court abused its discretion.  *See State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *James v. Horace Mann Ins. Co.*, 371 S.C. 187, 193, 638 S.E.2d 667, 670 (2006) ("The denial of a motion for a new trial nisi is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion."); *State v. Galbreath*, 359 S.C. 398, 402, 597 S.E.2d 845, 847 (Ct. App. 2004) ("[W]he[n] the motion [for a new trial] is based upon allegations that a juror gave misleading or incomplete answers during voir dire, the trial court's denial of that motion will be affirmed absent a prejudicial abuse of discretion.").

"An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."  *Hatcher*, 392 S.C. at 91, 708 S.E.2d at 753 (quoting *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265).  An abuse of discretion also occurs when the circuit court fails to exercise discretion.  *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred."); *see also Johnson v. Johnson*, 296 S.C. 289, 304, 372 S.E.2d 107, 115 (Ct. App. 1998) ("A decision lacking a discernible reason is arbitrary and constitutes an abuse of discretion.").

**FORMLINERS' APPEAL**

It is undisputed that the contract contained a provision allowing the prevailing party to recover attorney's fees if litigation arose under the contract. We have no difficulty deciding Formliners was the prevailing party in this case. *See Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 156, 711 S.E.2d 895, 897 (2011), *petitions for cert. filed*, March 14 and 18, 2025 (defining a prevailing party as "'one who successfully prosecutes an action or successfully defends against it, prevailing on the main issue, even [if] not to the extent of the original contention[,] [and] is the one in whose favor the decision or verdict is rendered and judgment entered." (third alteration in original)). Formliners brought this action alleging Construction Resource breached the contract by failing to pay outstanding invoices. The jury awarded Formliners $112,792 in damages, which was the full amount of the unpaid invoices. Formliners also successfully defended against Construction Resource's counterclaim. As a result, Formliners is entitled to a reasonable award of attorney's fees because it was the prevailing party.

"Our case law and court rules make clear that when a contract or statute authorizes an award of attorney's fees, the trial court must make specific findings of fact on the record for each of the required factors to be considered." *Portrait Homes-S.C., LLC v. Pa. Nat'l Mut. Cas. Ins. Co.*, 442 S.C. 515, 594, 900 S.E.2d 245, 288 (Ct. App. 2023) (quoting *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534–35 (Ct. App. 1998)). In determining reasonable attorney's fees, the court should consider the following factors: "1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained." *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993). "[A]bsent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact." *Id.* at 494, 427 S.E.2d at 661.

Here, the circuit court did not make any of the required factual findings. After a hearing, the court issued a Form 4 Order stating, "After careful consideration, the court rules that . . . [Formliners'] Motion for Attorney's Fees, Costs, and Interest is [denied]." We have no choice but to find that the circuit abused its discretion by not undertaking the proper analysis. *See Johnson*, 296 S.C. at 304, 372 S.E.2d at 115 ("A decision lacking a discernible reason is arbitrary and constitutes an abuse of discretion."); *see also Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 358, 594 S.E.2d 888, 898 (Ct. App. 2004) ("In its order, the trial court addresse[d] the request for attorney's fees in a wholly conclusory fashion . . . . The court did not consider

or enter findings for the factors . . . as mandated by our [s]upreme [c]ourt. We must, therefore, remand this matter to the trial court for a full and proper consideration of the attorney's fees request.").

The same reasoning applies to Formliners' request for costs. Rule 54(d) of the South Carolina Rules of Civil Procedure provides: "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Rule 54(d), SCRCP; *see also Peterson v. Nat'l R.R. Passenger Corp.*, 365 S.C. 391, 402, 618 S.E.2d 903, 908 (2005) ("[Rule 54(d)] recognize[s] that the prevailing party shall be allowed costs per a trial court's ruling."). Again, the circuit court did not provide any reasoning for its ruling. Accordingly, we find that the circuit court abused its discretion in denying Formliners' motion for costs. *See Fontaine*, 291 S.C. at 538, 354 S.E.2d at 566 ("When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred.").

Formliners also asked the circuit court to award prejudgment interest. A party seeking prejudgment interest must have included the request in its pleadings. *Dixie Bell, Inc. v. Redd*, 376 S.C. 361, 368, 656 S.E.2d 765, 768 (Ct. App. 2007). "The proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." *Id.* at 372, 656 S.E.2d at 771 (quoting *Babb v. Rothrock*, 310 S.C. 350, 353, 426 S.E.2d 789, 791 (1993)). "Stated another way, prejudgment interest is allowed on a claim of liquidated damages; i.e., the sum is certain or capable of being reduced to certainty based on a mathematical calculation previously agreed to by the parties." *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 258–59 (2006).

In *Smith-Hunter Construction Co. v. Hopson*, our supreme court affirmed an award of prejudgment interest on a breach of contract claim finding "the amount owed to Builder '[was] capable of being reduced to a sum certain'" because the damages were established by the builder's invoices. 365 S.C. 125, 128–29, 616 S.E.2d 419, 421 (2005). Here, Formliners included prejudgment interest in its prayer for recovery. As in *Smith-Hunter*, Formliners' measure of damages was determined by the amount of the unpaid invoices. The jury awarded the full amount of the unpaid invoices as damages. In our view, Formliners' claim was not only fixed at the time the complaint was filed, but it was reduced to certainty as the measure and amount of damages were determined by the invoices presented at trial. *See Robert E. Lee & Co. v. Comm'n Pub. Works of City of Greenville*, 248 S.C. 92, 100, 149 S.E.2d 59, 63 (1996) (holding the circuit court erred in not awarding prejudgment interest when the claim was "certain and liquidated").

We respectfully reject Construction Resource's argument that Formliners did not properly raise these issues to the circuit court and did not properly perfect this appeal. Our reading of the record convinces us that the parties agreed the circuit court would consider the issue of fees, costs, and interest after the jury adjudicated the competing breach of contract claims. The lawyers referenced this at trial. Formliners' motion requesting this relief was filed in a timely fashion after the jury's verdict, and its motion asking the circuit court to reconsider the denial of fees, costs, and interests was also timely.

For these reasons, we reverse and remand the circuit court's denial of Formliners' motion for attorney's fees, prejudgment interest, and costs.

**CONSTRUCTION RESOURCE'S APPEAL**

Construction Resource's appeal consists of three arguments, the first of which is that it is entitled to a new trial because a juror allegedly concealed material information during voir dire.

Our supreme court recently held:

> A juror's bias may not be presumed, and a new trial may be ordered only when prejudice is proven by showing the concealed information reveals a potential for bias *and* would have made an objectively material difference in the moving party's use of a peremptory strike or resulted in a successful challenge for cause.

*State v. Rowell*, 444 S.C. 109, 115–16, 906 S.E.2d 554, 557 (2024). Under this standard, "[w]here a party claims a juror has withheld material information in response to a *voir dire* question, the trial court must determine, preferably after a hearing, whether the juror's withholding suggests bias." *Id.* at 115, 906 S.E.2d at 557. "This will typically turn on the nature of the information withheld, rather than the juror's state of mind in not disclosing it." *Id.* That said, the standard does not require "a full-blown evidentiary hearing based on the mere allegation of juror [concealment]." *Id.* at 116, 906 S.E.2d at 558.

It is not clear that *Rowell* applies to this case. *Rowell* was decided long after this case was tried and nobody challenged to the procedure the circuit court used here. The circuit court held a posttrial hearing on Construction Resource's motion for a

new trial. At that hearing, Construction Resource had the burden to present evidence in support of its juror concealment claim. *See State v. Tucker*, 423 S.C. 403, 414, 815 S.E.2d 467, 472 (Ct. App. 2018) ("As the party alleging misconduct, [the movant] bore the burden of proving [the juror] was biased or otherwise lacked ability to follow her oath."). Construction Resource's evidence of bias consisted of two affidavits. Both affidavits suggested that Jimmy Belue, a Construction Resource employee, was married to someone whose best friend at work was on the jury and informed Belue's wife that Construction Resource had lost the suit.

We respectfully reject the argument that there is a valid claim for juror concealment in this case. The voir dire question at issue was not a model of clarity, and nothing suggests the juror in question was potentially biased against Construction Resource. Indeed, one might reasonably infer that if the juror's friendship with the wife of a Construction Resource employee suggests any potential for bias, it would suggest bias in Construction Resource's favor. There was no information directly from the juror or even from Mrs. Belue, and nobody asked the court to examine the juror for bias. We point this out only for the purpose of emphasizing that the request for a new trial hinged on second and thirdhand affidavits that, at best, support an attenuated connection to Construction Resource and no potential for bias against it.

Construction Resource's second argument is that the circuit court should have offset the jury's verdict by the expenses Construction Resource incurred as a result of the allegedly defective materials Formliners provided. Construction Resource's brief cites no authority, and we are aware of none, allowing a court to offset the successful verdict on a breach of contract case in this way. Rather, the South Carolina Commercial Code makes clear that a buyer is only entitled to purchase cover goods "[a]fter a breach occurs." S.C. Code Ann. § 36-2-712(1) (2003). The jury determined Construction Resource breached the contract and that Formliners did not.

Construction Resource's final argument is that the circuit court erred in admitting video of its production facility into evidence. Here, we are guided by the fact that "there is no canon against using common sense in construing laws as saying what they obviously mean." *Roschen v. Ward*, 279 U.S. 337, 339 (1929) (Holmes, J.). Construction Resource contends the video violates the South Carolina Homeland Security Act, but that act applies "[w]henever any wire, oral, or electronic communication has been intercepted." S.C. Code Ann. § 17-30-65(A) (2014). The act also clearly states that a cell phone used in the ordinary course of the user's business does not qualify as an "apparatus which can be used to intercept a wire, electronic, or oral communication." S.C. Code Ann. § 17-30-15(4)(a)(i) (2014)

("'Electronic, mechanical, or other device' means any device or apparatus which can be used to intercept a wire, electronic, or oral communication other than: (a) any telephone or telegraph instrument, equipment, or facility, or any component thereof: (i) furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business . . . .").

It is undisputed that the challenged videos were recorded by Petr Loudil, a Formliners employee. It is also undisputed that the challenged videos were recorded on Loudil's cell phone. The record reflects that the parties arranged for a Formliners representative to visit Construction Resource's facility when problems arose with the construction materials at issue. Loudil explained that he needed to document his observations because "when you go into places like this, you can't just look at it and say 'oh, yeah, that's your problem.' I was there to see the whole process to make sure I understand . . . if it's [Formliners'] problem or it's [Construction Resource's] problem." The circuit court redacted any audio that Loudil captured during the recording. We see no "interception" of wire, oral, or electronic communication and no basis under this act to exclude this evidence.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**THOMAS, KONDUROS, and HEWITT, JJ., concur.**