552 S.E.2d 35

**The STATE, Respondent,**

v.

**Don L. HUGHES, Appellant.**

**No. 3369.**

Court of Appeals of South Carolina.

July 9, 2001.
Heard June 6, 2001.
Decided July 9, 2001.
Rehearing Denied Aug. 22, 2001.

340

Deputy Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Eleanor Duffy Cleary, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan and Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor Walter M. Bailey, of Summerville, for respondent.

HEARN, C.J.:

Don L. Hughes appeals from his conviction for two counts of criminal sexual conduct with a minor in the second degree. He contends the trial court erred in (1) failing to permit

defense counsel to inspect notes used by a key prosecution witness to refresh her memory before trial and (2) failing to make the notes part of the record for appeal. We reverse the trial court's ruling with respect to the notes and remand for an evidentiary hearing to determine whether a new trial is necessary.

## FACTS AND PROCEDURAL HISTORY

Hughes was indicted for two counts of criminal sexual conduct with a minor in the second degree. His alleged victim was a female relative. A medical examination of the child did not show any conclusive evidence of physical abuse. Therefore, the State sought to prove its case using testimonial evidence.

During trial, the State called Crystal Tuck as an expert in child sexual abuse treatment and counseling. She testified the victim's behavior was consistent with child sexual abuse. On cross-examination, Hughes asked if Tuck had reviewed her notes before testifying. Tuck responded she had used her notes to refresh her memory. Hughes then sought to inspect the notes pursuant to Rule 612, SCRE. The trial court refused to require Tuck to submit those notes because they were in Columbia and the trial was being held in Orangeburg. The trial court also refused to require Tuck to submit the notes prior to the end of the trial so Hughes could proffer them.

The jury convicted Hughes of two counts of criminal sexual conduct with a minor in the second degree, and he was sentenced to two consecutive twenty year sentences. Hughes appeals.

## DISCUSSION

Hughes argues the trial court erred in not requiring Tuck to produce the notes she used to refresh her memory for trial. He maintains defense counsel should have been permitted to inspect the notes, or at least to proffer them.

Hughes's access to Tuck's notes was governed by Rule 612, SCRE, stating in part:

If a witness uses a writing to refresh memory for the purpose of testifying, either-

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

■ Under the plain language of this rule, the trial court has discretion to allow or refuse examination by an adverse party of writings used by a witness prior to trial to refresh his or her memory. An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law. *Ledford v. Pennsylvania Life Ins. Co.,* 267 S.C. 671, 675, 230 S.E.2d 900, 902 (1976). Moreover, our supreme court has held:

When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred. Where a court is clothed with discretion, but rules as a matter of law, the appealing party is entitled to have the matter reconsidered and passed on as a discretionary matter.

*Fontaine v. Peitz,* 291 S.C. 536, 538–39, 354 S.E.2d 565, 566–67 (1987) (citations omitted).

■ In making a determination based on Rule 612(2), the trial court must be guided by the interests of justice. To decide whether production of a writing is necessary in the interests of justice, the trial court should balance the interests of the party seeking production against the burden of requiring production. *See* 28 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6185 (1993).[1]

---

1. In determining the interests of the party seeking production, other courts have looked to the following factors: (1) the importance of the witness's testimony; (2) the extent of the witness's reliance on the notes; (3) the extent to which the writings might reveal a credibility problem; (4) whether credibility could be challenged some other way; and (5) whether there is evidence of a plan to use writings to influence the witness's testimony and then resist production. Wright & Gold, *supra.* To assess the burden of production, courts have looked to: (1) the extent of the materials sought; (2) whether such materials are privileged or attorney work product; (3) public policy; (4) conduct of

■ Here, Tuck's testimony on cross-examination demonstrates she relied on her notes to refresh her memory before trial. Initially, the trial court was inclined to admit the notes, but after discovering the notes were in Columbia rather than in Orangeburg, it refused to require their submission for inspection or proffer. The trial court apparently believed it was powerless to order Tuck to produce anything that was not in the courtroom.[2] This was an error of law because the rule's language is not limited to materials located inside the court-room. *See* Rule 612, SCRE. Therefore, the trial court erred in failing to exercise its discretion. *See Fontaine*, 291 S.C. at 538–39, 354 S.E.2d at 566–67; *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("It is apparent here the sentencing judge did not exercise any discretion but based his ruling on an erroneous view of the law. It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly.").[3]

■ Accordingly, we reverse the trial court's refusal to order Tuck to submit her notes and remand for an evidentiary hearing to determine whether Hughes was entitled to access to the notes as outlined in Rule 612.[4] If the trial court finds

the party seeking production; and (5) whether production would unduly delay the proceedings. *Id.*

2. In denying Hughes's requests to view the notes, the trial court stated, "But I'm also just saying she doesn't have them here, and therefore, I can't require her to produce them."

3. Because it appears the trial court failed to exercise its discretion, we do not address whether it was necessary in the interests of justice to order the notes produced. Additionally, we note that the failure to exercise discretion distinguishes the instant case from cases in other jurisdictions affirming the trial court's discretionary decision not to require production of writings used to refresh the witness's memory before trial. *See e.g., State v. Griffin*, 136 N.C.App. 531, 525 S.E.2d 793, 808 (2000) (upholding trial court's discretionary decision to exclude writing locked in witness's car); *State v. Byrd*, 35 Ohio App.3d 100, 519 N.E.2d 852, 855–56 (1987) (finding court did not abuse its discretion in refusing to require production of writing where prosecutor represented that the whereabouts of the writing were unknown and a search would interfere with an expeditious trial).

4. We do not find the record in this case contains overwhelming evidence of Hughes's guilt; therefore, we do not find the error harmless as suggested by the State. *See, e.g., State v. Jones*, 343 S.C. 562, 575–76,

production of the notes was necessary in the interests of justice, and the denial of such access significantly impaired Hughes's defense, it shall grant a new trial.

**REVERSED IN PART AND REMANDED.**

CONNOR, J., concurs.

GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, J., (dissenting): I respectfully dissent.

The majority finds that the trial court failed to exercise its discretion when ruling that an expert witness in child sexual abuse treatment and counseling need not give the defendant during trial the notes used by her before trial to refresh her memory. I disagree. The way I read the record, the trial court did exercise its discretion in fact and committed no abuse of discretion when it did so.

On the question of whether the court exercised its discretion, the court and counsel, outside the presence of a cloistered, waiting jury, engaged in a lengthy discussion about the notes in question. The court focused on their not being readily available, even asking defense counsel whether counsel had asked the witness to produce them. The court denied defense counsel's request to have the witness produce the notes because "she doesn't have the notes with her and therefore I can't require her to produce them," *i.e.,* the notes were not readily available.

There is no doubt in my mind that the court, presided over by an experienced trial judge, knew that the question of whether to order the notes produced was one addressed to its sound discretion. Indeed, the solicitor expressly reminded the court early on in the discussion that followed defense counsel's objection and before the court ruled that the question was one addressed to the court's discretion. Then we have this interesting exchange that came about immediately after the court ruled:

541 S.E.2d 813, 820 (2001) (finding error not harmless "given the extent to which the State's case depended upon the credibility of an admitted accomplice and the defense theory which sought to convince the jury that the accomplice acted alone").

SOLICITOR MURPHY: Your Honor, I just want to, *for the record,* and I'm following the point, is that *in your discretion* you're determining that it's not necessary for the interest of justice?

THE COURT: It's not necessary to send her to try to get them, or try to get them faxed here so they can look at them. If that's what your question is, *that's correct.*

(Emphasis added).

In other words, the court determined in the exercise of its discretion that the interest of justice did not require it either to have the witness leave the courthouse to retrieve her notes or to have someone else to send them electronically to the court for inspection. I do not think this exchange can be reasonably read any other way than that.

In sum, what the court said is no different than had the court declared, knowing full well that a jury was waiting in the jury room and after having inquired whether counsel had made any effort prior to trial to secure them, "If the witness had the notes with her, I would make her produce them. Because she doesn't, I'm not going to send her after them or have someone look for them and then fax them." To me that is a manifest exercise of discretion, especially when one considers all the circumstances that attended the court's ruling. True, the trial court did not trim its decision with the magic words "in the exercise of my discretion," but then, it did not have to. Everyone present knew what the court was doing.

Which brings me to this problem. It concerns whether the error now employed as a ground for the reversal of Hughes' conviction was ever presented to the trial court for it to consider. Nowhere in the record did defense counsel ever claim the court did not exercise its discretion.[5] Indeed, neither of the two appellant briefs filed by appellate defense with this court even raises or argues the issue![6] One brief addresses simply the question of abuse of discretion while the

---

**5.** *See* Jean Hoefer Toal, et al., *Appellate Practice in South Carolina* 66 (1999) ("The first step in preserving an issue for appellate review is to actually raise it to the lower court.").

**6.** *Id.* ("Ordinarily, no point will be considered on appeal which is not set forth in the statement of the issues on appeal. . . . However, where an issue is not specifically set out in the statement of the issues, the appellate court may nevertheless consider the issue if it is reasonably

other ignores the issue of discretion altogether, seemingly arguing the court had no discretion at all regarding the production of the notes. The majority supplies this ground for reversal on it own, which is something this court cannot properly do.[7]

On the question of whether the trial court abused its discretion, I believe the location of the documents at that point in the trial was a proper matter for the court to consider.[8] Moreover, it is clear that Hughes was aware that the witness was going to testify but stated that he could not get in touch with her prior to trial.[9] He did, however, receive a copy of her statement. Had Hughes wanted to insure that the witness would bring all of the relevant documents, he could have subpoenaed her to do so.[10] As to Hughes' argument that the relevant material could have been faxed to the court, there was no evidence that the documents were readily obtainable by anyone wherever they were.

In any case, I am satisfied that, looking at the record as a whole and given the evidence, any error the trial court may

---

clear from appellant's arguments."); *see also* Rule 208(b)(1)(B), SCACR (same).

**7.** *See Shayne of Miami, Inc. v. Greybow, Inc.*, 232 S.C. 161, 168, 101 S.E.2d 486, 490 (1957) ("[I]t is not the function of an appellate court to supply a ground for reversal."); *see also Connolly v. People's Life Ins. Co.*, 299 S.C. 348, 352, 384 S.E.2d 738, 740 (1989) ("We have held that the Court of Appeals may not decide an issue neither presented to the circuit court nor raised by proper exception on appeal.").

**8.** *See State v. Griffin*, 136 N.C.App. 531, 525 S.E.2d 793 (2000) (finding no abuse of discretion in denying defendant's request to examine notes when trial court found notes were in witness's locked car); *Ohio v. Byrd*, 35 Ohio App.3d 100, 519 N.E.2d 852 (1987) (noting that in exercising discretion under Rule 612, one of the factors the court should consider is any potential disruption of the orderly proceedings); *see also State v. Hamilton*, 276 S.C. 173, 276 S.E.2d 784 (1981) (pre-rule case finding error in refusing to allow defendant to examine notes when they were in court and available for review).

**9.** *See Kilbarger v. Anchor Hocking Glass Co.*, 120 Ohio App.3d 332, 697 N.E.2d 1080 (1997) (finding no abuse of discretion under Rule 612 where party failed to conduct adequate discovery prior to trial).

**10.** *See* Rule 13, SCRCrimP (providing for the issuance and service of subpoenas).

have committed in not ordering the witness to produce her notes was an error that was harmless beyond a reasonable doubt.

I would affirm.