THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Don Lewis Hughes,       
Appellant.
 
 
 

Appeal From Orangeburg County
Edward B. Cottingham, Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-003
Submitted January 1, 2005  Filed January 
 7, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 and Senior Asst. Atty. General Norman Mark Rapoport, all of Columbia; and Solicitor 
 Robert Douglas Robbins, of Summerville, for Respondents.
 
 
 

PER CURIAM:  Don Lewis Hughes (Hughes) appeals 
 the trial courts refusal to grant him a new trial.  We affirm. 
 [1] 
FACTS
Hughes was convicted of two counts 
 of criminal sexual conduct with a minor in the second degree.  At trial, Crystal 
 Tuck (Tuck), a child sexual abuse counselor who had counseled the victims, testified 
 for the State.  During cross-examination, Tuck acknowledged that prior to testifying, 
 she had reviewed her office notes to refresh her memory.  Defense counsel sought 
 to inspect the notes, but Tuck did not have them with her.  Further, because 
 the notes were in Columbia and the trial was in Orangeburg, the trial court 
 refused to require Tuck to submit them.   
On appeal, this Court reversed, finding the trial 
 court erred in failing to exercise its discretion under Rule 612, SCRE.  State 
 v. Hughes, 346 S.C. 339, 552 S.E.2d 35 (Ct. App. 2001).  We held that under 
 the plain language of Rule 612, SCRE, the trial court has discretion to allow 
 or refuse examination by an adverse party of writings used by a witness prior 
 to trial to refresh his or her memory.  Hughes, 346 S.C. at 342, 552 
 S.E.2d at 36.  Moreover, we stated, When a trial judge is vested with discretion, 
 but his ruling reveals no discretion was, in fact exercised, an error of law 
 has occurred.  Id. (quoting Fontaine v. Peitz, 291 S.C. 536, 
 538-39, 354 S.E.2d 565, 566-57 (1987).  
Accordingly, we reversed the trial courts 
 refusal to order Tuck to submit her notes and remand[ed] for an evidentiary 
 hearing to determine whether Hughes was entitled to access to the notes as outlined 
 in Rule 612.  We instructed:  If the trial court finds production of the notes 
 was necessary in the interests of justice, and the denial of such access significantly 
 impaired Hughess defense, it shall grant a new trial.  Hughes, 246 
 S.C. at 343-44, 552 S.E.2d at 37.

On remand, the trial court stated:
The Court has reviewed the prior testimony and the notes 
 of Crystal Tuck in detail.  As part of this hearing, Ms. Tuck was thoroughly 
 examined by counsel for the State and Defense.   After careful consideration 
 of the above information, this Court concludes that there is nothing in the 
 notes of Ms. Tuck that would have assisted counsel in the defense of Mr. Hughes.
The Court does not find in the interest of justice, that 
 this case should be remanded because there is simply nothing in these records 
 that would assist defense counsel in her defense of Mr. Hughes.  The notes were 
 consistent with the testimony of Ms. Tuck and nothing in the notes impaired 
 or impeached the testimony of Shelly or Donna Hughes.  

LAW/ANALYSIS
Generally, the grant or refusal of a new 
 trial is within the trial courts discretion and will not be disturbed on appeal 
 without a clear abuse of that discretion.  State v. Smith, 316 S.C. 53, 
 447 S.E.2d 175 (1993).  An abuse of discretion occurs when a trial courts 
 decision is unsupported by the evidence or controlled by an error of law.  
 State v. Garrett, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002). 

Pursuant to this Courts 
 opinion, the trial courts function was to determine whether the production 
 of Tucks notes was necessary in the interests of justice, such that denial 
 of access to the notes significantly impaired Hughess defense.  Rule 612, SCRE 
 provides:

If a witness uses a writing to 
 refresh memory for the purpose of testifying, either
 
(1) while testifying, 
 or
(2) before testifying, if the 
 court in its discretion determines it is necessary in the interests of justice, 
 an adverse party is entitled to have the writing produced at the hearing, to 
 inspect it, to cross-examine the witness thereon, and to introduce in evidence 
 those portions which relate to the testimony of the witness.  
 

In a footnote, the Hughes 
 court observed that other courts had looked at the following factors to determine 
 the interest of the party seeking production: (1) the importance of the witnesss 
 testimony; (2) the extent of the witnesss reliance on the notes; (3) the extent 
 to which the writings might reveal a credibility problem; (4) whether credibility 
 could be challenged some other way; and (5) whether there is evidence of a plan 
 to use writings to influence the witnesss testimony and then resist production.  
 Hughes, 346 S.C. at 343-44 n.4, 552 S.E.2d at 37 n.4.
Hughes admits in his 
 brief that the notes were sparse forms that provided little substantive information 
 about Tucks sessions with the children.  Looking to the factors noted, we 
 find Hughess interest in accessing Tucks notes was minimal.  There simply 
 is little in the notes from which Tuck could have relied in giving her testimony.  
 As for credibility, the following exchange occurred at the remand hearing:

 
 
 
 [The
 Court]: 
 
 Tell me where these notes reflect any issue as to her credibility.  I dont 
 see it.  Ive read her testimony, Ive seen the notes.  Where does she deviate 
 in any respect from these notes?
 
 
 [Counsel]:
  . . . .
 
 . . . If youre trying to point 
 me to a specific line in there, Im not going to be able to give you an answer. 
 
 
 

Moreover, Hughes was able to 
 otherwise test Tucks credibility.  Hughes elicited that the victims were the 
 only persons with direct personal knowledge of the abuse, and that Tucks expert 
 diagnosis was only as good as the victims statements to Tuck.  Finally, there 
 exists no evidence or allegation of a plan to use the notes to influence Tucks 
 testimony and then resist production.  The trial court found, and we agree, 
 that there is nothing in the notes of Ms. Tuck that would have assisted counsel 
 in the defense of Mr. Hughes.  
The Hughes court 
 gave further guidance on the factors other courts have employed to analyze the 
 burden of production: (1) the extent of the materials sought; (2) whether such 
 materials are privileged or attorney work product; (3) public policy; (4) conduct 
 of the party seeking production; and (5) whether production would unduly delay 
 the proceedings.  Hughes, 346 S.C. at 343-44 n.4, 552 S.E.2d at 37 n.4.
Production of Tucks 
 notes would have delayed trial because the notes were in Columbia and the trial 
 was in Orangeburg.  However, the burden on the State of producing these notes 
 at some time during the trial was not great.  Nonetheless, the question of whether 
 Hughes should be granted a new trial must be answered by considering all of 
 these factors and by asking whether the denial of access to the notes significantly 
 impaired Hughess defense.  Considering all of the factors, we find that Tucks 
 notes would not have proved significant to Hughess defense.  Therefore, we 
 hold that failure to require production of the notes did not significantly impair 
 Hughess defense, and the trial court did not abuse its discretion in denying 
 him a new trial.  
CONCLUSION
Because the benefits of the notes 
 to Hughes are negligible, the trial court did not err in denying Hughes a new 
 trial.  The court properly exercised discretion under Rule 612, SCRE, and its 
 ruling is
 AFFIRMED.
 ANDERSON, STILWELL, 
 and SHORT, JJ., concur.  

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.