**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Jamar Benjamin, Appellant.

Appellate Case No. 2013-001496

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2015-UP-554
Heard November 3, 2015 – Filed December 16, 2015

**AFFIRMED**

Wendy Raina Johnson Keefer, of Keefer & Keefer, LLC, and Joshua Preston Stokes, of McCoy & Stokes, LLC, both of Charleston, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General W. Edgar Salter, III, of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

**PER CURIAM:** David Jamar Benjamin appeals his convictions for one count of murder[1] and two counts of attempted murder,[2] arguing the circuit court (1) erred in denying his motion for a directed verdict and (2) abused its discretion in denying his motion for a new trial. We affirm.

1. As to whether the circuit court erred in denying Benjamin's motion for a directed verdict, we find the court properly submitted the case to the jury because the State met its burden of producing any direct or substantial circumstantial evidence that reasonably tended to prove Benjamin was guilty of the murder of Dominique Lawton and the attempted murders of James Hampton and Shawn DeFreitas. *See State v. Larmand*, Op. No. 27562 (S.C. Sup. Ct. filed Aug. 12, 2015) (Shearouse Adv. Sh. No. 31 at 35) ("A defendant is only entitled to a directed verdict if the State fails to produce any evidence of the offense charged." (citing *State v. Walker*, 349 S.C. 49, 53, 562 S.E.2d 313, 315 (2002))); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("When ruling on a motion for a directed verdict, the [circuit court] is concerned with the existence of evidence, not its weight." (quoting *State v. Wiggins*, 330 S.C. 538, 544–45, 500 S.E.2d 489, 492–93 (1998))); *id.* ("On appeal from the denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the State."); *State v. Bailey*, 368 S.C. 39, 45, 626 S.E.2d 898, 901 (Ct. App. 2006) (providing if "any direct evidence or any substantial circumstantial evidence reasonably tend[s] to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury" (quoting *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001))); *see also State v. Reid*, 408 S.C. 461, 472, 758 S.E.2d 904, 910 (2014) ("The doctrine of accomplice liability arises from the theory that 'the hand of one is the hand of all.'"), *cert. denied*, 135 S. Ct. 975 (2015); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."

---

[1] *See* S.C. Code Ann. § 16-3-10 (2003) ("'Murder' is the killing of any person with malice aforethought, either express or implied.").

[2] *See* S.C. Code Ann. § 16-3-29 (Supp. 2014) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either express or implied, commits the offense of attempted murder.").

(quoting *State v. Condrey*, 394 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002))); *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010) ("[T]o establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed arrangement, but rather can prove the same by circumstantial evidence and the conduct of the parties."); *Reid*, 408 S.C. at 473, 758 S.E.2d at 910 (asserting if one is present and abetting while any act necessary to constitute the offense is performed through another, then that person may be charged as the principal even when the act is "not the whole thing necessary" (emphasis omitted)).

2.  As to whether the circuit court erred in denying Benjamin's motion for a new trial, we find the court did not abuse its discretion because competent evidence supported the jury's verdict on the murder and attempted murder charges in this case.  *See State v. Smith*, 316 S.C. 53, 55, 447 S.E.2d 175, 176 (1993) ("It is well settled that the grant or refusal of a new trial is within the discretion of the [circuit court] and will not be disturbed on appeal absent a clear abuse of that discretion."); *State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("An abuse of discretion occurs when [the circuit] court's decision is unsupported by the evidence or controlled by an error of law." (quoting *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001))); *id.* ("[I]f competent evidence supports the jury's verdict, the [circuit court] may not substitute [its] judgment for that of the jury and overturn that verdict." (citing *State v. Miller*, 287 S.C. 280, 283, 337 S.E.2d 883, 885 (1985))).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**