**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benjamin Keith Page, Jr., Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-002448

———————

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-082
Submitted February 1, 2020 – Filed March 25, 2020

———————

**AFFIRMED**

———————

Christopher Reginald Geel, of Geel Law Firm, LLC, and
Christopher W. Adams, of Adams & Bischoff, P.C., both
of Charleston; and Susan Friedman, of New York, New
York, all for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., and Senior Assistant Deputy Attorney General,
J. Benjamin Aplin, of Columbia; and Solicitor Edgar
Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:** Benjamin Keith Page Jr. appeals the denial of his motion for a new trial pursuant to the Access to Justice Post-Conviction DNA Testing Act[1] and Rule 29(b), SCRCrimP. On appeal, Page argues the circuit court erred by failing to find (1) his newly-acquired DNA evidence would probably change the result of trial and (2) Sandra Shelley Richardson's (Victim's) eyewitness identification was irreparably undermined by that evidence. We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the newly-acquired DNA evidence would probably change the result of trial: *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978) ("The granting of a new trial because of after-discovered evidence is not favored, and [appellate courts] will sustain the lower court's denial of such a motion unless there appears an abuse of discretion."); *State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("The deferential standard of review constrains us to affirm the trial court if reasonably supported by the evidence." (quoting *State v. Mercer,* 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009))); *id.* ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence . . . is such as will probably change the result if a new trial is granted . . . .").

2. As to whether the circuit court erred in finding Victim's eyewitness identification was irreparably undermined by the newly-acquired DNA evidence: *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *Harris*, 391 S.C. at 545, 706 S.E.2d at 529 ("The credibility of newly-discovered evidence is for the trial court to determine."); *id.* ("Only the trial court and not the appellate court has the power to weigh the evidence . . . .").

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] S.C. Code Ann. §§ 17-28-10 to -120 (2014).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.