**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Lavar Bethel, Appellant.

Appellate Case No. 2023-001415

_____

Appeal From Richland County
Daniel Coble, Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-412
Submitted October 1, 2025 – Filed December 10, 2025

_____

**AFFIRMED**

_____

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Brian Hollis Gibbs, and Solicitor Byron Gipson, all of Columbia, for Respondent.

_____

**PER CURIAM:** Antonio Lavar Bethel appeals his conviction for attempted murder and sentence of fifteen years' incarceration. On appeal, Bethel argues the trial court abused its discretion by admitting two photographs that depicted the victim's gunshot wound to the head because the prejudicial effect outweighed the

probative value under Rule 403 of the South Carolina Rules of Evidence. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the photographs because their probative value was not substantially outweighed by the danger of unfair prejudice. *See State v. Dickerson*, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("[A]dmission of evidence is within the [trial] court's discretion and will not be reversed on appeal absent an abuse of that discretion." (quoting *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001))); *State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("[A]buse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Nelson*, 440 S.C. 413, 420, 891 S.E.2d 508, 511 (2023) ("Under Rule 403, . . . relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections."); S.C. Code Ann. § 16-3-29 (2015) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."). The photographs had some probative value of malice; however, the probative value was minimal because they depicted undisputed facts, the injury was proven through other means prior to the admission of the photographs, and the photographs were dark, making it difficult to clearly see the gunshot wound. *See State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case."). However, the danger of unfair prejudice was also minimal because the photographs were not gruesome, particularly when compared to the body-worn camera footage also admitted at trial and the difficulty of seeing the wound in the photographs. *See State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("To constitute unfair prejudice, the photographs must create 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.