**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Xavier Lamar Holbrooks, Appellant.

Appellate Case No. 2024-000473

———

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-431
Submitted November 1, 2025 – Filed December 23, 2025

———

**AFFIRMED**

———

Appellate Defender Gary Howard Johnson, II, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Mark Reynolds
Farthing, both of Columbia; and Solicitor Kevin Scott
Brackett, of York, all for Respondent.

———

**PER CURIAM:** Xavier Lamar Holbrooks appeals his conviction for criminal sexual conduct with a minor in the second degree and sentence of twenty years' incarceration. On appeal, Holbrooks argues the trial court abused its discretion by

admitting a photograph of the minor victim into evidence because the probative value of the photograph was substantially outweighed by the danger of unfair prejudice. We affirm pursuant to Rule 220(b), SCACR.

First, we hold this issue was preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

Second, we hold the trial court did not abuse its discretion by admitting a photograph of the minor victim. *See State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court."); *State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law." (quoting *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001))); *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008) ("Admitting photographs which serve to corroborate testimony is not an abuse of discretion."). The photograph was relevant because the photograph tended to prove the victim's age at the time of the sexual battery and her age is an essential element of the offense the State is required to prove. *See* S.C. Code Ann. § 16-3-655(B)(1) (2015) ("A person is guilty of criminal sexual conduct with a minor in the second degree if . . . the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Martucci*, 380 S.C. at 249, 669 S.E.2d at 607 ("The State has the right to prove every element of the crime charged and is not obligated to rely upon a defendant's stipulation."); *State v. Nelson*, 440 S.C. 413, 420, 891 S.E.2d 508, 511 (2023) ("Under Rule 403, SCRE, relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice."). The photograph's probative value as to victim's age was low because testimony placed victim's age at thirteen and although a jury could reasonably ascertain the victim was older than eleven, it is possible the jury would have a difficult time discerning if the victim was younger than fourteen. *See State v. Gray*, 408 S.C. 601, 609, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative' means '[t]ending to prove or disprove.'" (quoting *Probative, Black's Law*

*Dictionary* (9th ed. 2009))); *id.* at 610, 759 S.E.2d at 165 ("'Probative value' is the measure of the importance of that tendency to the outcome of a case. It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."). The danger of unfair prejudice was low because the photograph was a school headshot that did not depict the victim in a manner that would suggest the jury made their decision on an improper basis. *See State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("To constitute unfair prejudice, the photographs must create 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005))). In weighing the low probative value of the photograph against the equally low danger for unfair prejudice, we hold the probative value of the photograph was not substantially outweighed by the danger of unfair prejudice. *See State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances." (quoting *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.