**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ricky Leroy Singer Jr., Appellant.

Appellate Case No. 2023-000820

———————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-114
Submitted February 3, 2026 – Filed March 11, 2026

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

———————

**PER CURIAM:** Ricky Leroy Singer, Jr., appeals his convictions for one count of second-degree exploitation of a minor and five counts of third-degree sexual exploitation of a minor and his sentence of six years' imprisonment. On appeal, Singer argues the circuit court abused its discretion when it permitted the State's

expert witness to testify that he found approximately 700 additional files containing child pornography on Singer's laptop that were not the subject of Singer's indictments because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion in permitting the State's expert witness to testify that he found approximately 700 additional files containing child pornography on Singer's laptop that were not the subject of Singer's indictments because the high probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. *See State v. Dickerson*, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The admission of evidence is within the circuit court's discretion and will not be reversed on appeal absent an abuse of that discretion."); *State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("An abuse of discretion occurs when a [circuit] court's decision is unsupported by the evidence or controlled by an error of law." (quoting *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001))); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence." (emphasis added)); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A [circuit] court has particularly wide discretion in ruling on Rule 403 objections."); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A [circuit court's] decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances." (quoting *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008))).

We hold the 700 additional files of child pornography were highly probative to show that Singer knowingly possessed and distributed child pornography because knowledge was an essential element of the charged offenses. *See State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case."); S.C. Code Ann. § 16-15-405(A)(2) (Supp. 2025) (providing that a person commits "second[-]degree sexual exploitation of a minor if, *knowing* the character or content of the material, he . . . distributes, transports, exhibits, receives, sells, purchases, exchanges, or solicits material that contains a visual representation of a minor . . . engaged in sexual activity or appearing in a state of sexually explicit nudity when a reasonable person would infer the purpose is sexual stimulation" (emphasis added)); S.C. Code Ann. § 16-15-410 (A) (Supp. 2025) (providing that a person commits "third[-]degree sexual exploitation of a minor if, *knowing* the

character or content of the material, he possesses material that contains a visual representation of a minor . . . engaging in sexual activity or appearing in a state of sexually explicit nudity when a reasonable person would infer the purpose is sexual stimulation" (emphasis added)); *Martucci*, 380 S.C. at 249, 669 S.E.2d at 607 ("The State has the right to prove every element of the crime charged . . . ."); *State v. Land*, 419 S.C. 191, 198, 797 S.E.2d 48, 52 (Ct. App. 2016) (upholding the defendant's convictions for second-degree sexual exploitation of a minor where the State presented evidence of conduct and statements to prove the defendant knowingly possessed and distributed child pornography); *see generally State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) ("Knowledge can be proven by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances.").

We also hold that although the large volume of additional files of child pornography was highly probative of Singer's knowledge, it also had a high danger for unfair prejudice. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."); *State v. Simmons*, 430 S.C. 1, 16, 841 S.E.2d 845, 853 (2020) (rejecting the State's argument that defendant opened the door to introducing uncharged files of child pornography while observing that presenting testimony on the existence of the additional child pornography files and showing the files to the jury were actions that "undoubtedly would shift the jury's focus from [the defendant's] charged conduct to other uncharged acts"). However, the State mitigated the danger of unfair prejudice by keeping the expert's testimony brief—eliciting testimony only that the additional files of child pornography existed on Singer's laptop—and not publishing the additional files to the jury. *See Gray*, 408 S.C. at 616, 759 S.E.2d at 168 ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather[,] it refers to evidence which tends to suggest decision on an improper basis." (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))).

In weighing the probative value against the danger for unfair prejudice, we hold the high probative value of the testimony as to the existence of 700 additional files of child pornography was not substantially outweighed by the high danger of unfair prejudice. *See id.* ("The probative value of the photos must be balanced against 'the danger of unfair prejudice.'"); *id.* at 619, 759 S.E.2d at 170 ("[B]oth 'probative value [and] unfair prejudice should be evaluated in the practical context

of the issues at stake in the trial of the case.'" (quoting *State v. Collins*, 398 S.C. 197, 202, 727 S.E.2d 751, 754 (Ct. App. 2012))); *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607 ("A [circuit court] is not required to exclude relevant evidence merely because it is unpleasant or offensive.").[1]

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] To the extent Singer also argues the additional files were needlessly cumulative, we hold Singer did not preserve this argument for appellate review because he did not raise this argument at trial. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.